```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

LENDER L. "PAT" HUNTER       )
                             )
         Plaintiff,          )
                             )
    v.                       )    Civil Action No. 06-0839(RWR)
                             )
MICHAEL O. JOHANNS           )
SECRETARY OF AGRICULTURE,    )
U.S. Department of Agriculture)
                             )
         Defendant.          )
                             )
_____)
```

## ANSWER TO FIRST AMENDED COMPLAINT

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust administrative remedies in a timely fashion for certain claims that she asserts in the Complaint.

### THIRD DEFENSE

Venue is improper in the District of Columbia.

### FOURTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and plaintiff unreasonably failed to use preventive or corrective measures provided by plaintiff.

**FIFTH DEFENSE**

The Court lacks jurisdiction over plaintiff's Merit System Protection Board Claims.

**SIXTH DEFENSE**

Defendant responds to the numbered paragraphs and prayer for relief set forth in the First Amended Complaint as follows:

1. This paragraph constitutes Plaintiff's characterization of her complaint to which no response is necessary. To the extent a response may be required, Defendant admits that Plaintiff seeks to pursue this matter under the cited authority, but denies that jurisdiction or venue is proper. Further, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

2. Admitted. Defendant avers that plaintiff began employment with the Farm Service Agency("FSA") of the U.S. Department of Agriculture ("USDA") on July 1, 2001. The Farm Service Agency is located in Columbia, Maryland.

3. Defendant admits that Michael Johanns is the Secretary of Agriculture and is sued in his official capacity. Defendant further admits that the U.S. Department of Agriculture's Headquarters is located at 1400 Independence Avenue. The Defendant avers that plaintiff's official duty station was at the FSA located in Columbia, Maryland. Any allegation inconsistent with the foregoing is denied.

4.  This paragraph is a statement of jurisdiction to which no response is required. To the extent a response may be required, it is denied.

5.  Denied. The alleged discriminatory and retaliatory acts all took place in Maryland. The defendant admits that the final decision was made by the Deputy Assistant Secretary for Field Operations who is located at Headquarters.

6.  Defendant admits Plaintiff was suspended for thirty (30) days between October 22, 2005 through November 21, 2005; that Plaintiff filed an appeal of the suspension with the Merit Systems Protection Board ("MSPB") challenging the suspension on November 1, 2005; that on March 3, 2006, an administrative judge of the MSPB affirmed Plaintiff's suspension without holding a hearing; that the MSPB decision became final on April 7, 2006; and that the Plaintiff filed her original complaint in this Court on May 5, 2006. Defendant denies that Plaintiff appealed the suspension as discriminatory and retaliatory on November 1, 2005, but did appeal the Defendant's personnel decision to suspend Plaintiff for thirty (30) days. Defendant denies that Plaintiff made initial Equal Employment Opportunity ("EEO") contact or filed an EEO complaint of discrimination on May 25, 2005. Defendant admits that Plaintiff made her first initial EEO counselor contact on August 10, 2005, and filed her formal EEO complaint on October 12, 2005 for Agency Case No. FSA-05-01116.

3

Defendant admits that Plaintiff made initial EEO contact on October 24, 2005 alleging reprisal for previous EEO activity when Plaintiff was issued a proposed termination/resignation. Defendant admits Plaintiff voluntarily withdrew this complaint of reprisal for proposed termination/resignation on November 1, 2005.  Ant allegation inconsistent with the foregoing is denied.

    7.  Defendant admits that Plaintiff was a GS-13 Executive Officer with FSA, USDA in Columbia, Maryland and that Plaintiff was transferred to FSA, USDA effective July 1, 2001 as an Administrative Officer, GS-12, in Columbia, Maryland.  Defendant admits that Plaintiff began her federal career service on March 28, 1984.

    8.  Denied.

    9. Defendant admits that on September 7, 2003, Plaintiff was promoted from an Administrative Officer, GS-12/4 to an Executive Officer, GS-13/1, FSA in Columbia, Maryland.  Defendant is without knowledge or sufficient information at this time to form a belief as to the truth of whether Plaintiff received two cash awards or a quality step increase during that period of time; therefore, Defendant denies this allegation.  The remaining allegations of paragraph 9 are denied.

    10.  Defendant admits the first sentence in paragraph 10.  The remaining allegations are denied.

    11.  Defendant admits that the first specification regarding

Plaintiff's negligence included that she failed to timely process a relocation request for a new FSA employee, Ms. Diane Drabish. The remaining allegations of paragraph 11 are denied.

    12.   Defendant admits the first sentence in this paragraph. The remaining allegations in paragraph 12 are denied.

    13.   Defendant admits that the FSA Kansas City Human Resources Office had to correct the error, but denies all other allegations in paragraph 13.

    14.   Defendant admits the first sentence in this paragraph. The remaining allegations of paragraph 14 are denied.

    15.   Defendant denies the allegations in paragraph 15.

    16.   Defendant admits that the fourth specification charged against Plaintiff was that she was negligent in processing a relocation request for Ms. Alison Lenz. The remaining allegations in this paragraph are denied.

    17.   Defendant admits that the fifth specification charged against Plaintiff was that she failed to send bills out to the County Offices timely and accurately. Defendant denies that Plaintiff was not negligent in processing either of the bills (February 2005 and March 2005) referenced in her suspension notice. The remaining allegations in paragraph 17 are denied.

    18.   Defendant admits the first sentence in paragraph 18. The remaining allegations in paragraph 18 are denied.

    19.   Defendant admits the first sentence in paragraph 19.

The remaining allegations of paragraph 19 are denied.

20. Defendant admits that the first specification charged Plaintiff with failing to pull postage billing reports for fiscal years ("FYs") 2003-2005, and the fourth quarter of FY 2002 by June 15, 2005. The remaining allegations of paragraph 20 are denied.

21. Defendant admits the second specification was that Plaintiff was instructed not to re-fill a temporary position in Queen Anne's County Office, as indicated by Ms. Anderson. Defendant admits that Plaintiff signed a memo on or about May 25, 2005, titled "Authorization to Hire," but denies that Plaintiff had authorization to do so from Ms. Anderson. The remaining allegations in paragraph 21 are denied.

22. Denied.

23. Defendant is without knowledge or sufficient information at this time to form a belief as to the truth of the allegations in paragraph 23; therefore, the Defendant denies the allegations in paragraph 23.

24. Defendant is presently without knowledge or sufficient information at this time to form a belief as to the truth of the allegations in paragraph 24; therefore, the Defendant denies the allegations in paragraph 24.

25. Defendant is presently without knowledge or sufficient information at this time to form a belief as to the truth of the

allegations in paragraph 25; therefore, the Defendant denies the allegations in paragraph 25.

26. Denied.

27. Defendant admits that Ms. Anderson's race is classified as White and that Ms. Anderson was Plaintiff's first line supervisor. The remaining allegations in paragraph 27 are denied.

28. Denied as stated, except to admit that to the best of defendant's present knowledge that there was no basis for disciplinary action.

29. Defendant is presently without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 29; therefore, they are denied.

30. Defendant is presently without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 30; therefore, they are denied.

31. Denied, except to note the defendant has no knowledge concerning Ms. Landers allegedly rude behavior or apology. Therefore, this allegation is also denied.

32. The defendant denies the allegation in this paragraph including the alleged comments or opinions of other named employees.

33. Defendant denies that Plaintiff engaged in protected activity by filing an EEO complaint against Defendant on May 25,

2005.  Defendant avers that Plaintiff made her first contact on August 10, 2005, and filed her formal EEO complaint on October 12, 2005, Agency Case No. FSA-05-01116, seeking redress for harassment (non-sexual) and discrimination based on race (Black), color (unspecified), and sex (female).  Defendant denies that Plaintiff engaged in protected activity by filing an EEO complaint to seek redress of her thirty (30) day suspension.  The Defendant asserts that the thirty (30) day suspension was the subject of her complaint to the Merit System Protection Board, not an EEO complaint.

    34.  Denied, except to note that defendant is without knowledge or sufficient information at this time to form a belief as to the truth of plaintiff's prior disciplinary history.

    35.  Denied.

    36.  Denied.

    37.  The Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary damages may not be awarded in this action.

    38.  Defendant denies that Plaintiff is entitled to a jury trial except as to those claims that may properly be asserted under Title VII, 42 U.S.C. § 2000e et seq.

The Defendant denies each and every allegation contained in the First Amended Complaint not specifically admitted, modified, or denied herein.

WHEREFORE, it is respectfully requested that the complaint be dismissed with prejudice and that the Court grant such other relief as it deems appropriate.

Respectfully submitted,

__/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

Of Counsel:
Brandi A. Cain, Esq.
Office of the General Counsel
Department of Agriculture