**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LENDER L. "PAT" HUNTER            )<br>                                   )<br>           Plaintiff,              )<br>                                   )<br>     v.                            )     Civil Action No. 06-0839(RWR)<br>                                   )<br>MICHAEL O. JOHANNS                 )<br>SECRETARY OF AGRICULTURE,          )<br>U.S. Department of Agriculture)<br>                                   )<br>           Defendant.              )<br>                                   )<br>_____) | |

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER

Defendant, Michael O. Johanns, Secretary of Agriculture for the U.S. Department of Agriculture ("Defendant"), respectfully moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3),[1] or alternatively, to transfer this suit to the District of Maryland, pursuant to 28 U.S.C. §§ 1404(a),1406(a). In support of this Motion, defendant submits a Memorandum of Points and Authorities and the Declaration of Elizabeth Anderson.

---

[1] Defendant reserves all affirmative defenses to be asserted in the proper venue.

        Respectfully submitted,

        _/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        _/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        _/s/_____
        DIANE M. SULLIVAN, D. C. BAR # 12765
        Assistant United States Attorney
        Judiciary Center Building
        555 Fourth Street, N.W.
        Room E4919
        Washington, D.C. 20530
        (202) 514-7205

Of Counsel:
BRANDI A. CAIN, Esq.
Office of the General Counsel
Department of Agriculture

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

LENDER L. "PAT" HUNTER         )
                               )
           Plaintiff,          )
                               )
     v.                        )    Civil Action No. 06-0839(RWR)
                               )
MICHAEL O. JOHANNS             )
SECRETARY OF AGRICULTURE,      )
U.S. Department of Agriculture )
                               )
           Defendant.          )
                               )
_____)
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

**Introduction**

This is a Title VII case. Under the venue provisions of Title VII, venue in this district is not proper. Accordingly, this case should be dismissed. In the alternative, in the Court's discretion, the case should be transferred to the District of Maryland under the Title VII venue provision and under the doctrine of forum non-convenience for the convenience of the parties, witnesses and the interest of justice.

The plaintiff, Lender L. Hunter, an employee of the Department of Agriculture, Farm Service Agency ("FSA") for the past five years, brings this employment discrimination action in this district pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), alleging that she was unlawfully

discriminated against on the basis of her race (African American) and sex (female) by subjecting her to an adverse personnel action, i.e., a 30-day suspension, and a hostile work environment (See Pl. First Amended Complaint ("Compl."), p. 1). She also alleges retaliation on the basis of her prior protected EEO activity. Id.

For the reasons set forth below, the complaint should be dismissed since all of plaintiff's claims of discrimination and retaliation stem from incidents occurring wholly in Maryland. In the alternative, the Court should transfer the case to the District of Maryland. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §§ 1404(a) & 1406(a); 42 U.S.C. § 2000e-5(f)(3).

## I.  BACKGROUND

The plaintiff transferred to the U.S. Department of Agriculture ("USDA") effective July 1, 2001, as an Administrative Officer, GS-12, for the Maryland State FSA Office (Compl. p. 5). The Maryland State FSA Office is located in Columbia, Maryland. Plaintiff was promoted to Executive Officer, GS-13, Maryland State FSA Office, on September 7, 2003. Id. Subsequently, plaintiff was suspended from duty and pay status for a period of 30 calendar days, from October 21, 2005 until November 20, 2005 for negligence in the performance of her duties and failure to follow supervisory instructions (Compl. p. 3).

According to plaintiff's position description, her duties are

such that she was to be the "right hand" of the Maryland State Executive Director (SED), Ms. Elizabeth Anderson. The Executive Officer is a high level position providing crucial guidance and advice to the SED regarding all aspects of the SED position, including but not limited to strategic planning, representing the SED/FSA to other agencies, and to "act" in the absence of the SED. Plaintiff was also the leader of the Administrative section, supervising two employees (Exhibit 3).

On August 8, 2005, the Maryland State Executive Director and plaintiff's first-line supervisor, Ms. Elizabeth Anderson, proposed a 30-day suspension because plaintiff negligently performed her duties and failed to follow supervisory instructions (Compl., p. 4). The proposed suspension identified six specifications of negligence (Exhibit 1). Mr. John W. Chott, Jr., Assistant to the Deputy Administrator for Field Operations in a letter dated October 20, 2005, sustained the 30-day suspension proposed by plaintiff's supervisor (Compl., p. 4).

During all relevant times, plaintiff was the Administrative Officer and Executive Officer of the Maryland State FSA Office. Plaintiff was responsible for overseeing administrative operations at FSA for the State of Maryland and has been in charge of such operations since 2001. Her first-line supervisor is Maryland State Executive Director (SED) for the USDA/Farm Service Agency,

Elizabeth Anderson. Ms. Anderson, like the plaintiff, lives and works in Maryland. Plaintiff alleges that she was not disciplined by Ms. Anderson in a manner similar to four other Maryland State FSA employees. These employees and potential witnesses in this case are Linda Slaccum, George Turner, Thomas Long, and Alan Young. They are all employed by FSA in Maryland. Ms. Slaccum is the County Office Executive Director for Queen Anne's County, Maryland (Compl., p. 11-14). George Turner is the Agency's GS-13 District Director for District II in the State of Maryland. Id. Thomas Long is the Agency's GS-13 District Director for District I in the State of Maryland. Id. Alan Young is a GS-12 Farm Loan Manager in the Agency's Carroll County, Maryland office. Id. Other potential witnesses named in plaintiff's complaint also work in the Maryland offices of FSA. They include: Connie Byler-Hsu, Janice Landers, Clarence Snyder and Elaine Greer (Id. at 15). Plaintiff also attempts to assert a practice and pattern of discrimination against two other black employees, specifically Sahr Abu and an unnamed intern (Compl., p. 13). Both of these individuals were employed in the Delaware office, and not in Washington, D.C. Id. Moreover, plaintiff asserts that Ms. Anderson created the hostile work environment to which she was subjected in the Maryland office (Id. at p. 14; see also Anderson Decl. ¶ 7).

Finally, plaintiff's employment records are maintained and

kept in the Maryland State FSA Office in Columbia, Maryland (Anderson Decl., ¶¶ 4-8). The plaintiff currently resides in Bowie, Maryland (Compl. p. 1).

## ARGUMENT

### I.    Dismissal Standard

As stated by the court in Darby v. Dept. of Energy, 231 F. Supp. 2d 274 (D.D.C. 2002), "[i]n considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Id. at 276, citing 2215 Fifth St. Assocs. v. U-Haul Intl, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001). However, the court need not accept as true plaintiff's legal conclusions. U-Haul, 148 F. Supp. 2d at 54. In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. Id.

### II.    Venue Is Improper in District of Columbia Under Title VII's Venue Provision

Plaintiff filed her action under Title VII of the Civil Rights Act. Under settled law, therefore, venue must be determined solely by reference to Title VII's venue provisions. Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1101 (D.C. Cir.), cert.

denied, 396 U.S. 895 (1969); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983); Hayes v. RCA Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982).  Title VII's venue provision is contained in Title 42 U.S.C. § 2000e-5(f)(3).  Section 2000e-5(f)(3) provides four options for venue.[2]  Under any of the four options, venue is improper in the District of Columbia.

### 1. The Alleged Unlawful Employment Practices Occurred In Maryland

The first venue option under Title VII is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e5(f)(3).  Title VII venue determinations are based on a "commonsense appraisal" of

---

[1] Section 2000e-5(f)(3) provides:

Each United States district court and each United States court of a place  subject to the jurisdiction of the United States shall have jurisdiction of actions  brought under this sub-chapter.  Such an action may be brought in any judicial  district in the State in which the unlawful employment practice is alleged to have  been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

8

events having operative significance.  <u>Lamont v. Haig</u>, 590 F.2d 1124, 1134 (D.C. Cir. 1978); <u>Donnell v. Nat'l Guard Bureau</u>, 568 F. Supp. 93, 94 (D.D.C. 1983).  Specifically, venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the district even when actions taken in the district "may have had an impact on the plaintiff's situation."  <u>Donnell</u>, 568 F. Supp. at 94 (citing <u>Stebbins</u>, <u>supra</u>,  413 F.2d at 1102-03; <u>accord</u>, <u>Darby</u>, 231 F. Supp. 2d at 277.  <u>See</u> <u>also</u>, <u>Spencer v. Rumsfeld</u>, 209 F. Supp. 2d 15, 18-19 (D.D.C. 2002).

Throughout the complaint, plaintiff alleges actions which she claims constitute racial and sexual discrimination and a hostile work environment.  All of the actions of which she complains took place in the FSA office in Maryland.  The 30-day suspension was proposed by plaintiff's supervisor, the State of Maryland's Excutive Director, and was based on plaintiff's negligent performance of her duties as Director of the Administrative Staff for the Maryland State FSA, located in Columbia, Maryland.  All of the events comprising the plaintiff's allegations of a hostile work environment occurred in the State of Maryland as well.

Contrary to plaintiff's allegation that the "most significant act" of discrimination and retaliation occurred in the District of Columbia, there was only minimal and coincidental contact with the


District of Columbia.  <u>See</u> Compl. p. 3.  The decision to approve the 30-day suspension of the plaintiff in October of 2005 was made by Mr. John W. Chott, Jr., Assistant to the Deputy Administrator for Field Operations, a management official whose office is located in the USDA headquarters in Washington, D.C.  The nature of Mr. Chott's position is such that although he is headquartered in Washington, D.C., his responsibility to handle matters related to the individual state offices is nationwide and not unique to the Washington, D.C. location.  Because the 30-day suspension was proposed by the highest state FSA official in the State of Maryland, Mr. Chott, who supervised the FSA's state Executive Directors, would be the individual who would approve or disapprove of the action taken.  This would be true for any State Director.  Under plaintiff's rationale, any proposed disciplinary action by any State Executive Director would automatically establish venue in the District of Columbia regardless of the state in which the actions complained about arose.  The contact with the District of Columbia is minimal and coincidental.  Accordingly, venue dos not lie under this provision.

    **2.    Plaintiff's Employment Records Are Not Located In This District**

The second venue option offered by Title VII is "the judicial district in which the employment records relevant to such practice

are maintained and administered." 42 U.S.C. § 2000e5(f)(3). Plaintiff's personnel files are not administered or maintained in the District of Columbia. Plaintiff's employment records are maintained and administered in the Maryland State FSA Office in Columbia, Maryland (Anderson Decl., ¶¶ 6-8). In short, the location of pertinent personnel files dictates that venue properly lies in Maryland, not the District of Columbia. <u>See</u> <u>Washington v. General Elec. Corp.</u>, 686 F. Supp. 361 (D.D.C. 1988).

### 3. "But For" The Alleged Discrimination, Plaintiff Would Not Work In The District of Columbia

The third venue option offered by Title VII is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment process." 42 U.S.C. § 2000e5(f)(3). The claims advanced by the plaintiff do not involve a change in the locus of her duty station or work assignments. Plaintiff's claims of discrimination and hostile work environment arise out of the actions taken in Maryland. Accordingly, under Title VII's third venue option, venue lies in Maryland, not the District of Columbia.

### 4. Defendant's Principal Office Is In Washington D.C.

The fourth venue option offered by Title VII is a residual provision. Only if the defendant cannot be found in any district in which venue would be proper under Title VII's first three venue provisions may venue properly lie in "the judicial district in

11

which the respondent has his principal office." 42 U.S.C. § 2000e5(f)(3). This last venue option is available <u>only</u> if the respondent is not found in any of the judicial districts resulting from the first three venue options. See <u>Donnell</u>, 568 F. Supp. at 95; <u>Turbeville v. Casey</u>, 525 F. Supp. 1070, 1072 (D.D.C. 1981). In this case, the defendant is located in and can be found in Maryland. Moreover, venue is available in Maryland under the first three venue options. Accordingly, the residual venue provision is not available to plaintiff in this case under Title VII. See <u>Stebbins</u>, 413 F.2d at 1102; <u>Donnell</u>, 568 F. Supp. at 95; <u>Turbeville</u>, 525 F.Supp. at 1072. Accordingly, the Court should dismiss the complaint or, in the alternative, should transfer this action to the District Court in Maryland.

### 5. **Improper Venue Compels Either Dismissal or Transfer**

When an action is filed in an improper venue, the procedural remedy to be applied is found in the provisions of 28 U.S.C. § 1406(a), which permits the Court to dismiss or transfer the case.[1] The decision whether to transfer or dismiss is entrusted to

---

[2] In relevant part, 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

12

the Court's discretion.  See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Piper Aircraft v. Reyno, 454 U.S. 235, 253 & 257 (1981); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983); Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994); Hayes, 546 F. Supp. at 665 ("Under [28 U.S.C. § 1406(a)], the decision as to whether a dismissal or transfer is appropriate is one committed to the discretion of the Court acting in the interests of justice.").  The District Court has the same discretion to dismiss, rather than transfer, Title VII cases.  See General Elec., 686 F. Supp. at 362; Sconion v. Thomas, 603 F. Supp. 66, 67-68 (D.D.C. 1984); Hayes, 546 F. Supp. at 665.  As demonstrated above, venue is improper in this district because: (1) the alleged unlawful employment practices occurred primarily in Maryland; (2) the relevant employment records are maintained and administered in Maryland; and (3) plaintiff would have worked (and did work) in Maryland "but for" the alleged unlawful employment practice.

In defendant's view, the Court should dismiss this complaint, which should never have been brought in this district.  However, should the Court choose to transfer rather than dismiss the complaint, it should transfer this case to the District Court in

Maryland because that is where the alleged unlawful employment acts occurred.  See General Elec., 68 F. Supp. at 363 (stating "the Court's first inquiry must be the locus of the alleged discrimination.").

### III. **The Complaint Should Be Transferred to Maryland under the Doctrine of Forum Non-Convenience**.

The preceding demonstrates that venue is not proper in the District of Columbia over this Title VII case, and accordingly it must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). Moreover, this case should be transferred to the District of Maryland pursuant to 28 U.S.C. § 1404(a) as well. Darby v. United States Department of Energy, 231 F. Supp. 2d 274 (D.D.C. 2002).

This statutory provision provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).  Each of these conditions is satisfied in the present case.  Under § 1404(a), an employment discrimination action may be transferred from the district in which it is brought, even though that may be a district in which venue could lie pursuant to 42 U.S.C. § 2000e-5(f)(3), for the convenience of the parties and witnesses and in the interests of

14

justice.  See also Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999) (affirming transfer of employment discrimination action, pursuant to § 1404(a) for the convenience of the parties and witnesses and in the interests of justice, to district where, inter alia, majority of fact witnesses lived and personnel files were kept).  Even if plaintiff could establish venue in the District of Columbia under the venue provision of Title VII, the convenience of the witnesses and in the interests of justice, the case should be transferred to the District of Maryland.

In determining whether to transfer, the Court may consider: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. Airport Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp .2d 227 (D.D.C. 2002) (hereinafter "AWG").

Though a plaintiff's choice of forum is entitled to deference, a plaintiff's choice receives less weight where the operative facts occurred in another forum and the plaintiff does not reside in the

15

forum. AWG, 226 F. Supp.2d at 230 (and cases cited therein). See also, Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that forum is outside plaintiff's home jurisdiction); Khaaliq v. Pa. State Univ., 2002 U.S. Dist. LEXIS 9251 (E.D. Pa. 2002); Weber v. Basic Comfort, 155 F. Supp. 2d 283 (E.D. Pa. 2001). Moreover, "although plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." Claasen v. Brown, No. 94-1018, 1996 WL 79490, Slip op. at *6 (D.D.C. 1996) (holding that where plaintiff lived "in close proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and ordering that case be transferred).

In this case, the plaintiff resides in Maryland and was employed in Maryland. Most, if not all, of the fact-witnesses that have been identified to date work and reside in Maryland. Plaintiff's first-line supervisor currently works and resides in Maryland. The overwhelming weight of the equities dictates that this case belongs in Maryland.

Courts in this Circuit must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. Trout Unlimited v.

16

U.S. Dept. of Agriculture, 944 F. Supp. 13, 17 (D.D.C. 1996) (citing Cameron v. Thornburgh, 983 F.2d 253 (D.C. Cir. 1993)). Even if plaintiff's choice of forum is entitled to some deference, it is far from dispositive where, as here, the case has minimal contacts with the District of Columbia and where other factors militate strongly in favor of transfer, and there are no significant ties to the Washington D.C. area that weigh in favor of retaining jurisdiction within this district. Moreover, considerations of convenience and justice weigh in favor of transferring this action to the District of Maryland. Plaintiff's attempt to manufacture venue in this jurisdiction should be rejected.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the complaint for improper venue. Alternatively, to serve the ends of justice and the convenience of the parties, the Court should transfer this case to the United States District Court for the District of Maryland.

```
                              Respectfully submitted,


                               /s/
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney


                               /s/
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney


                               /s/
                              DIANE M. SULLIVAN, D. C. BAR # 12765
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 Fourth Street, N.W.
                              Room E4919
                              Washington, D.C. 20530
                              (202) 514-7205

Of Counsel:
BRANDI A. CAIN, Esq.
Office of the General Counsel
Department of Agriculture
```