# Exhibit 2



**United States Department of Agriculture**

**Farm and Foreign Agricultural Services**

**Farm Service Agency**

Maryland State FSA Office
8335 Guilford Rd,
Suite E
Columbia, MD 21046

OCT 2 0 2005

Ms. Lender "Pat" Hooker- Hunter
3905 Napoleon Place
Bowie, Maryland 20716-1002

Dear Ms. Hunter,

In a letter dated August 8, 2005, it was proposed to suspend you from duty and pay for a period of thirty (30) calendar days based on the reasons and specifications therein.

I have carefully considered your written reply dated September 1, 2005. I had also given you more than one opportunity to present an oral reply. You did not do so within the time frames set in letters and emails to you. However, I did indicate to you in an October 11, 2005, letter that I had made a final decision in this matter and suggested a resolution of your concerns and those of the Agency. You replied to my October 11, 2005, letter and requested a "verbal meeting." In a phone conversation with you on October 17, 2005, I indicated that this meeting would not be an oral reply, since the time for such had passed, but that I would discuss resolution of your concerns in lieu of issuing a final decision on the proposal to suspend you. You and your representative, Mr. Joe N. Kennedy, NKG Group, Dispute Resolution and Management Consulting Services, met in my office on October 18, 2005. Also in attendance at this meeting was Mr. Ken Nagel of our staff.

Your representative presented a number of reasons why the disciplinary action should not be put into effect. You and Mr. Kennedy then indicated that you would like to address the reasons and specifications in the proposal letter. I agreed, and you and your representative presented what was, in essence, an oral reply. Therefore, I have also considered your oral reply of October 18, 2005.

In your replies, you provided information regarding your tenure with the United States Air Force. However, your accomplishments, tenure and service with the USAF are not relevant in this proposed action.

You also provided information regarding your work performance from 2001-2003, which is also irrelevant since this proposed action is based on misconduct rather than performance, and your performance during that period was being accessed by another supervisor.

While your performance rating was "achieved" for the rating period from May 1, 2004, to November 1, 2004, it is also irrelevant in this action. However, it should be noted that the rating official, Ms. Anderson, had been your supervisor only since July of 2004. In May 2005, at your mid-term progress review, you were

2

informed of your performance deficiencies. In your replies, you, for the first time, make an allegation of a hostile working environment. I find that suspect that this allegation was not brought to management's attention until after you received the proposed disciplinary action. You state that you are being treated differently from other employees because your supervisor only communicates with you by email and not face-to-face. I find that allegation very unlikely as you can ask to meet with your supervisor whenever needed. Further, due to our electronic age, emails and voice mails have made our jobs easier and more productive. While, I recognize that face-to-face meetings need to occur occasionally, emails and other forms of communication can be very effective.

My decision regarding the letter dated August 8, 2005, is as follows:

**Reason 1: Sustained.**

Specification 1: In your reply, you stated, "we operate on a first come first serve basis." I'm not sure who "we" is but you are responsible for your tasks being completed. You stated that Ms. Drabish was informed that "we" would make every effort to service her relocation request as soon as possible. However, Ms. Drabish first contacted you, by email, in February 2005 and was seeking your guidance. She submitted her request in February 2005, and she missed out on at least three locations that would have been acceptable to her. In May 2005, she again contacted you regarding the status. You assured her that her relocation paperwork would be processed by June 1, 2005. If you work on a first come first serve basis, her request should not have taken until after June 30, 2005, to process. You stated you were understaffed and was working on other duties. You also alleged that Carolyn Prince was out on extended sick leave in May 2005; however, Ms. Drabish's original request for her relocation was in February 2005, and Carolyn was not on leave during that time frame. **Specification 1: Sustained.**

Specification 2: You placed the SF-52 for Ms. Drabish's promotion on Ms. Anderson's desk for her signature. It doesn't make sense that you determined that Ms. Drabish was not eligible when you wanted Ms. Anderson to sign the SF-52. The within-in grade increase was not stopped in the data base, so it processed, and Ms. Drabish was overpaid for pay period 13, 2005. You failed to insure the correct date for the within-grade was placed in the system. **Specification 2: Sustained.**

Specification 3: You stated that the workload prevented "us" from completing setting up the billing collection process. You again bring up the fact of the need for additional staff and being overloaded. All other offices are working more with less employees, your office is no different. You are responsible for the administrative section completing tasks properly

3

and timely. You failed to bring the issue regarding the billing collection process to the attention of the SED. She discovered this issue because other Agencies had contacted her and it was discovered the other Agencies owed us money. Your negligence has cost our Agency thousands of dollars. **Specification 3: Sustained.**

Specification 4: You submitted a copy of a memo dated November 12, 2004, in which you informed Ms. Lenz that she would be eligible to participate in the relocation program until November 29, 2006. However, since you provided her with erroneous information, forms had to be back-dated to December 2004, in order for her relocation expenses to be paid. **Specification 4: Sustained.**

Specification 5: In your reply, you stated the SOP is for the administrative section to process bills within five working days. However, several of the bills indicate that they were already past due when submitted to the county office and, based on the STO date stamp, were not processed within five days. **Specification 5: Sustained.**

Specification 6: You failed to inform your supervisor of the pending FSA-199 (Request for Furniture) related to the relocation of the Queen Anne's County Office. You had the request since April of 2005, yet you failed to inform your supervisor that this request was for furniture needed at the new location. **Specification 6: Sustained.**

**Reason 2: Sustained.**

Specification 1: In your reply, you submitted a copy of an email dated June 14, 2005, in which your supervisor stated, in part, "I will, however, definitely need copies of ALL reimbursable agreements for FY03 & FY04." You failed to follow her instructions. **Specification 1: Sustained.**

Specification 2: You allege that Ms. Anderson specifically gave you permission to sign this memo for her; however, that doesn't make sense since she wrote on the memo, " Pat, this temp position is not available until which time Sandy Walton is no longer a temp. Please make sure this position does not get filled before it is available. Thanks, Liz" As the Executive Officer, you should be well aware of ceiling numbers. That is a key part of an Executive Officer's duties. **Specification 2: Sustained.**

In your reply, you requested the removal of pejorative language from you mid-year performance evaluation. You could have filed a grievance, regarding your mid-year review. This instant action is based on misconduct, not on your performance.

4

You also requested any training for all areas of your duties and responsibilities where Ms. Anderson can legitimately substantiate an immediate need for improvement. I found this puzzling. Are you requesting to be placed on an opportunity to improve (OTI)? It is your supervisor's responsibility to determine if you are not performing your duties at the required level.

You hold a very high position of trust and responsibility. The SED relies upon your knowledge and skills for the administrative section to run properly and to provide advice and guidance to county and other offices in Maryland. I have also considered that you have been an Administrative Officer and/or the Executive Officer in the Maryland State FSA Office for 4 years and are expected to know and monitor all levels of administrative work at the State and county levels. You are at the GS-13 level. Blaming a new supervisor or employees who seek your advice and counsel on administrative matters is not an excuse. Administrative and Executive Officers are expected to provided guidance and to State and county office employees when administrative questions and situations arise. If you did not know how to handle to situations, you were well aware that experts in Washington and Kansas City were available to assist you.

In determining what penalty is adequate and appropriate in this case, I have considered all relevant Douglas Factors. I have considered all factors raised by you in your written reply.

I have concluded that a suspension will promote the efficiency of the service. It is my decision that you be suspended from duty and pay for a period of thirty (30) calendar days commencing October 22, 2005. You will return to duty on November 21, 2005. You are not to report to the Maryland State Office or any other FSA office in Maryland during this period of suspension. You are advised that any repetition of this misconduct or other misconduct may result in more severe disciplinary action up to and including removal from your position and Federal service.

You have the right to appeal the procedures and merits of this action to the Merit Systems Protection Board, US Customhouse, Room 501, Second & Chestnut Streets, Philadelphia, PA 19106-2987, Fax number (215) 597-3456, under Part 5 CFR Part 752. In addition, should you allege that this action was based in whole or in part on your marital status or political affiliation, you may also appeal to the Merit Systems Protection Board.

A copy of the Merit Systems Protection Board regulations is enclosed with this letter. Appeals may be in any format, including letter form. Section 1201.24(a) of the regulations tells you what information must be included in your written appeal

5

to the Board. You may comply with Section 1201.24(a) by completing MSPB form 185, or by completing all requests for information marked as required at the MSPB e-Appeal site (http://e-Appeal.mspb.gov). A copy of MSPB form 185 is enclosed. It can also be accessed at the MSPB Web Site (http://www.mspb.gov/howtoappeal.html). Completion of this form satisfies the requirements of Section 1201.24(a).

In order to be considered timely filed, your appeal must be filed anytime during the period beginning with the day after the effective date of this action and ending thirty (30) calendar days after that date. Filing must be made by personal delivery, by FAX, by mail, by commercial overnight delivery, or by electronic means using the Merit Systems Protection Board's E-Appeal Internet filing procedure located at http://www.mspb.gov/howtoappeal.html. E-Appeal is the only means allowed for filing an appeal electronically. The date of filing is the date your appeal is postmarked, the date of the FAX transmission, the date it is delivered to a commercial overnight delivery service, the date of receipt if you personally deliver it to the above Board office, or the date that you electronically submit the appeal to the Board.

Should you allege that the action taken against you was based in whole or in part on discrimination because of race, color, religion, sex, national origin, age or physical or mental handicap, you have the following options available to you. You may appeal the discrimination allegation to the Merit Systems Protection Board, or you may appeal the discrimination allegation along with any other issue you would have otherwise appealed to the Board through the discrimination complaint system under Part 1614 of the Equal Employment Opportunity commission regulations. To appeal under part 1614, the allegation must be brought to the attention of an EEO counselor within forty-five (45) calendar days of the effective date of this action.

Information about appeal rights and procedures may be obtained from the Employee & Labor Relations Branch, at (816) 926-6643.

A Standard Form 50 effecting your suspension and return to duty will be forwarded to you when available.

Sincerely,

*[signature]*

John W. Chott, Jr.
Assistant to the Deputy Administrator
for Field Operations

Enclosures