# EXHIBIT 1

**USDA**

United States
Department of
Agriculture

Farm and Foreign
Agricultural Services

Farm Service
Agency

Maryland State FSA
Office
8335 Guilford Rd,
Suite E
Columbia, MD
21046

Pat Hunter
3905 Napoleon Place
Bowie, MD 20716-1002

Dear Ms. Hunter,

This is a notice of proposed disciplinary suspension issued in accordance with 5 CFR Part 752. In order to promote the efficiency of the service, it is proposed to suspend you from duty and pay for a period of 30 calendar days, no sooner than thirty (30) full calendar days from the date you receive this notice.

This proposed adverse action is based on the following reason (s):

Reason 1: You were negligent in the performance of your duties.

Specification 1: On or about February 1, 2005, Diane Drabish, Farm Loan Officer Trainee, sent you an email indicating that she would be looking into her relocation entitlement and she was seeking your guidance. You responded to her and referred her to the proper handbook. You were well aware of her intentions, as she submitted her relocation request on February 8, 2005. She was assured this request would be processed as quickly as possible. She found at least three locations that would have been acceptable to her, however, due to your negligence, she missed out on those opportunities. In May 2005, she contacted you again about this issue. You assured her the relocation paperwork would be processed by June 1, 2005. As of June 30, 2005, the paperwork had not been processed.

Specification 2: In May or June of 2005, an inquiry was made to you regarding the promotion and within-grade increase (WGI) eligibility date for Diane Drabish, Farm Loan Officer Trainee. You indicated on the SF-52, her promotion to the GS-9 would be processed in Kansas and the effective date would be June 26, 2005. She is not eligible for a promotion or a WGI until October of 2005. On July 18, 2005, I was informed by Thomas Long, District Director, that Ms. Drabish received a within grade increase effective June 26, 2005, to which she was not entitled. You did not ensure that the WGI date was changed in the system and therefore, she was paid incorrectly for pay period 13/2005. I had to contact the Kansas City office to correct this issue.

Specification 3: On or about May 20, 2005, it was brought to my attention that Rural Development (RD) had not received any bills for postage or for phone usage from us since FY 03. I then contacted Natural Resources & Conservation Service (NRCS) and was told they had not been billed either. They have contacted you in an attempt to obtain a bill, however, you told them that we were no longer going to be billing them. NRCS owes FSA in excess of $80,000, and will pay us, when they receive a bill. However, RD does not have the funds to pay us for previous years. You were questioned about this issue, and stated it was Carolyn Prince's (Administrative Officer) duty and that new procedure was established in FY03 and that Carolyn neglected to initiate it, and therefore billing has not occurred. As the Executive Officer, you are responsible to ensure all duties are completed

USDA is an Equal Opportunity Employer

320

Exhibit 15E5
Page 1 of 59

within the Administrative Section. You further told me that you are under-staffed and over-worked and "things are bound to fall through the cracks because you are unable to keep your finger on the pulse".

Specification 4: In May 2005, an employee, Alison Lenz, approached you to initiate her relocation request. She advised you that she needed to move no later than the first week in August 2005. You stated that she would have to wait until Carolyn returns from knee surgery. On or about June 10, 2005, you met with Ms. Lenz, she was frustrated with how unprepared you were and the bad advice she received from you. You finally had to call the National Office for clarification on some issues. Due to the timeframes involved, all forms had to be back-dated to December 1, 2004, as advised by HR headquarters, to ensure that Ms. Lenz relocation expenses would be paid.

Specification 5: On July 18, 2005, it was brought to my attention that bills received in the State Office aren't being sent out to the County Offices in a timely manner. In the Calvert County Office, the February & March 2005 rent bills were not received in the County Office at the time they received the April 2005 bill. The bills for February & March 2005, had to be faxed to get them paid. The original bills were not received, in the County Office, until June 6, 2005, after they were due. You failed to send these bills out timely.

Specification 6: On July 18, 2005, I inquired regarding the status of the furniture request (FSA-199) for Queen Anne's County, since the CED had submitted it to your office in April 2005 and has received no response. I was never informed by you that this request was on your desk and needed my authorization. The office has relocated without the requested furniture. The furniture was requested well in advance, but you failed to inform me so it could be authorized.

Reason 2: For your failure to follow supervisory instructions.

Specification 1: In an email dated June 8, 2005 and in another dated June 13, 2005, I instructed you to pull the postage billing reports for FYs 03-05, and for the fourth (4th) quarter of FY02, by June 15, 2005. You stated that these would be pulled when Carolyn Prince returned to work from sick leave, however, I requested you complete this task.

Specification 2: On or about May 25, 2005, you prepared a memo titled "authorization to Hire" in Queen Anne's County. At the time, Maryland had 3 vacant temporary slots. I advised you that (2) temporary slots could be re-filled, but the third one (this one) was not yet available, therefore, you were instructed not to authorize the CED to re-fill this slot at this time. You signed your name for me, in which you had no authorization to do. If this memo had not been found, the vacancy would have been filled.

I am also taking into consideration that you hold a position of trust and responsibility. Your misconduct has seriously negatively impacted the office.

You have the right to view the material relied upon to support the reasons in this notice. This material is available in the Employee & Labor Relations Section, Human Resources Office, telephone number (816) 926-6643. Any procedural questions you may have regarding this matter should also be directed to the Employee & Labor Relations Section. You have the right to a reasonable amount of official time to review the material relied upon and to prepare an answer to the charges.

You also have the right to be represented by an attorney, or another representative of your choice. Your written designation of representative, if any, should be forwarded to:

> John Chott, Jr.
> 1400 Independence Ave, SW
> Room 3092-S, Stop 0539
> Washington, DC 20250-0539

You have the right to answer, both personally and in writing, and to furnish affidavits and evidence in support of your answer. Your written and/or oral reply must be received by John Chott, Jr. within twenty (20) calendar days from your receipt of this letter. Any written reply or request for an oral reply should be addressed to John Chott, Jr. Should you desire an oral reply, you must request it within seven (7) calendar days from receipt of this letter.

A final decision will not be made in this matter until your reply, or replies have been received and considered, or, if no reply is received, until after the time specified for the replies has passed. Any replies submitted by you will be given full consideration. You will be notified in writing of the final decision.

Sincerely,

*Elizabeth Anderson*
Elizabeth Anderson
State Executive Director