UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENDER L. "PAT" HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0839 (RWR) |
| ) | |
| MICHAEL O. JOHANNS ) | |
| SECRETARY OF AGRICULTURE ) | |
| U.S. Dept. of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S NOTICE OF FILING:**
**MATERIAL CHANGE IN RELEVANT FACTS**

Plaintiff Lender L. "Pat" Hunter, by and through undersigned counsel, hereby brings to this Honorable Court's attention a material change in the facts relevant to the decision of Defendant's Motion to Dismiss or Transfer.

Given Defendant's efforts to minimize the District of Columbia ties to the adverse action at the heart of this case, newly obtained information should be considered by the Court. On February 5, 2007, Defendant notified Ms. Hunter that she was being transferred from Maryland to the District of Columbia. See Letter to Pat Hunter from Steven A. Connelly (Feb. 5, 2007), copy attached as Exhibit 1.  In addition to relocating Ms. Hunter to the District of Columbia, Mr. Chott will be her immediate supervisor.  Mr. Chott is the District of Columbia

headquarters official who issued the final decision to suspend Ms. Hunter for 30 days.  "Courts can determine venue by applying a 'commonsense appraisal' of events having operative significance."  See Darby v. United States Dep't of Energy, 231 F. Supp. 2d at 276 (citing Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).  Here, as Defendant concedes, the ultimate adverse action occurred in the District of Columbia.  See Reply to Plaintiff's Opposition to Defendant's Motion to Transfer at 1-2.  Also, the person who was suspended will be working in a subordinate position to the person who suspended her when she is transferred to the District of Columbia.  Moreover, Ms. Hunter's personnel file will presumably transfer with her to the Agency's Office of the Deputy Administrator for Field Operations, Human Resources Management and Internal Operations Staff, in the District of Columbia.  As such, the final adverse action and now transfer of Ms. Hunter, both taking place in the District of Columbia, create substantial ties to the District of Columbia forum.

                        Respectfully submitted,

                        /s/
                        JOSEPH D. GEBHARDT
                            (D.C. Bar No. 113894)
                        MARK A. DANN
                            (D.C. Bar No. 484523)
                        GEBHARDT & ASSOCIATES, LLP
                        1101 17th Street, N.W.
                        Suite 807
                        Washington, DC 20036-4716
                        (202) 496-0400

February 20, 2007          Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Notice of Filing: Material Change in Relevant Facts, with Attachment 1 (letter of reassignment from Steven A. Connelly to Ms. Hunter, dated February 5, 2007), was served this 20th day of February, 2007, via electronic case filing through the Court and by facsimile, upon counsel for Defendant as follows:

                Diane M. Sullivan, Esq.
                United States Attorney's Office
                Civil Division
                555 4th Street, N.W.
                Washington, DC 20530
                Fax: (202) 514-8780


                        /s/
                        MARK A. DANN