**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
LENDER L. "PAT" HUNTER,       )
                              )
        Plaintiff,            )
                              )
        v.                    )      Civil Action No. 06-839 (RWR)
                              )
MICHAEL O. JOHANNS,           )
                              )
        Defendant.            )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Lender L. "Pat" Hunter brings this suit against
defendant Michael Johanns, Secretary of the U.S. Department of
Agriculture ("USDA"), alleging employment discrimination and
retaliation in violation of Title VII of the Civil Rights Act of
1964.  The Secretary has moved to dismiss for lack of venue, or
to transfer this action to the United States District Court for
the District of Maryland.  Because venue is proper in the
District of Columbia ("the District"), but convenience and
justice favor transfer to Maryland, the motion to dismiss will be
denied and the motion to transfer will be granted.

## BACKGROUND

Hunter was an executive officer of the USDA's Farm Service
Agency ("FSA") in Columbia, Maryland and was responsible for
overseeing administrative operations in that office.  As a result
of alleged negligence in Hunter's performance, her direct
supervisor, Elizabeth Anderson, sent a notice of proposed

-2-

disciplinary suspension to John W. Chott, Jr., assistant to the
FSA's deputy administrator for field operations for his
consideration.  Chott reviewed Hunter's employment records from
his office in USDA's headquarters in the District and decided to
suspend her for thirty days.  Thereafter, Hunter filed this
lawsuit alleging that she was subjected to racial and sexual
discrimination, retaliation, and a hostile work environment
created by Anderson in the Maryland office.

The Secretary filed a motion under Federal Rule of Civil
Procedure 12(b)(3) to dismiss for improper venue, or to transfer
venue under 28 U.S.C. §§ 1404(a) or 1406(a).  He argues that
venue is improper here because the alleged unlawful employment
practices occurred in and Hunter's employment records are located
at the FSA office in Columbia, Maryland.  In the alternative, he
urges that the balance of considerations of convenience and
justice favor transferring this case to Maryland.  Hunter claims
that venue is proper here under Title VII's venue provision,
42 U.S.C. § 2000e-5(f)(3), because her suspension decision took
place in USDA's principal office in the District, and that
transfer is not warranted.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) allows a case to be
dismissed for improper venue.  See Fed. R. Civ. P. 12(b)(3).
"[T]he plaintiff . . . bears the burden of establishing that

-3-

venue is proper." <u>Varma v. Gutierrez</u>, 421 F. Supp. 2d 110, 113

(D.D.C. 2006) (internal quotations omitted).  "In considering a

Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled

factual allegations regarding venue as true, draws all reasonable

inferences from those allegations in the plaintiff's favor, and

resolves any factual conflicts in the plaintiff's favor." <u>Darby</u>

<u>v. U.S. Dep't of Energy</u>, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).

To prevail on a motion to dismiss for improper venue, a defendant

must present facts sufficient to defeat a plaintiff's assertion

of venue.  <u>Id.</u>

    Venue in employment discrimination suits brought under Title

VII are governed by that statute, which states:

> [A]n action may be brought in any judicial district in
> the State in which the unlawful employment practice is
> alleged to have been committed, in the judicial
> district in which the employment records relevant to
> such practice are maintained and administered, or in
> the judicial district in which the aggrieved person
> would have worked but for the alleged unlawful
> employment practice[.]

42 U.S.C. § 2000e-5(f)(3).  Title VII venue determinations "of

the locus of disputed employment practices" should be "based on a

'commonsense appraisal' of events having operative significance

in the case."  <u>Donnell v. Nat'l Guard Bureau</u>, 568 F. Supp. 93, 94

(D.D.C. 1983) (quoting <u>Lamont v. Haig</u>, 590 F.2d 1124, 1134 (D.C.

Cir. 1978)).  The relevant inquiry is "where the decisions and

-4-

actions concerning the employment practices occurred." Hayes v.
RCA Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

     When venue is proper in more than one locale, and
convenience and justice favor adjudication in a different venue,
the case may be transferred pursuant to 28 U.S.C. § 1404(a).[1]
"[T]he moving party bears the burden of establishing that
transfer is proper." Schmidt v. Am. Inst. of Physics, 322 F.
Supp. 2d 28, 31 (D.D.C. 2004).  A district court should
"adjudicate motions for transfer according to an 'individualized,
case-by-case consideration of convenience and fairness.'"
Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)
(quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  In
exercising its discretion, a district court must balance a number
of case-specific factors including the private and public
interests that promote convenience and fairness.[2]  See Wilderness

---

     [1]  Section 1404(a) provides that "[f]or the convenience of
parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or
division where it might have been brought."  28 U.S.C. § 1404(a).

     [2]  The relevant private interests include (1) the
plaintiff's choice of forum; (2) the defendant's choice of forum;
(3) whether the claim arose elsewhere; (4) the convenience of the
parties; (5) the convenience of the witnesses, but only to the
extent that the witnesses may actually be unavailable for trial
in one of the fora; and (6) the ease of access to sources of
proof.  Schmidt, 322 F. Supp. 2d at 31-32.  The relevant public
interests include (1) the transferee court's familiarity with the
governing laws; (2) the relative congestion of the calendars of
the potential transferee and transferor courts; and (3) the local
interest in deciding local controversies at home.  Id. at 32.

-5-

Soc'y v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). There is

"a strong presumption against disturbing plaintiff['s] initial

forum choice." Pain v. United Techs. Corp., 637 F.2d 775, 784

(D.C. Cir. 1980). The presumption is weakened, though, when the

forum is not plaintiff's home forum and most of the relevant

events occurred elsewhere. See Gulf Oil Corp. v. Gilbert, 330

U.S. 501, 508 (1947); see also Nat'l R.R. Passenger Corp. v. R &

R Visual, Inc., Civ. Action No. 05-822 (GK), 2007 WL 2071652, at

*6 (D.D.C. July 19, 2007).

        Chott's review of Hunter's employment records and approval

of Anderson's proposed suspension both took place in the

District. These actions, as decisions concerning Hunter's

employment, support venue here. See Hayes, 546 F. Supp. at 663;

see also White v. Ocean Duchess, Inc., Civ. Action No. 06-1423

(RCL), 2007 WL 1794100, at *3 (D.D.C. June 19, 2007) (finding

Title VII venue in the place where the plaintiff's firing took

place); Fellores v. Winter, No. 2:06cv551, 2007 WL 473727, at *3

(E.D. Va. Feb. 8, 2007) (explaining that Title VII venue is

proper in the location where the decisions concerning plaintiff's

promotions are processed). However, venue is also proper in

Maryland because the events surrounding Hunter's claims of

discrimination and hostile work environment occurred there and,

although reviewed at the USDA's office in the District, Hunter's

-6-

employment records were maintained and administered in Maryland at the time she filed this action.[3]

While venue is proper in the District, the balance of private and public[4] interests favors transfer to Maryland.  All of the operative events surrounding the discrimination and creation of the hostile work environment that Hunter alleges led to her unlawful suspension occurred at the FSA office in Maryland.  Hunter herself resides in Maryland, which further diminishes any deference owed to her choice of forum and suggests convenience to her of a Maryland forum.  The bulk of relevant witnesses identified by the parties are located in Maryland. While Hunter's official personnel folder may now be in Washington, D.C., Anderson's copies of all correspondence and performance appraisals that Anderson signed concerning Hunter are kept in Anderson's Maryland office.  (Mem. P. & A. in Supp. of Def.'s Mot. to Dismiss, Decl. of Eliz. Anderson ¶ 6.)  Therefore, this case will be transferred to Maryland.

### CONCLUSION AND ORDER

Because Title VII venue is proper in the District, but convenience and justice favor transfer to Maryland where

---

[3]  Hunter has since been transferred to the District.

[4]  The public factors here do not weigh in favor of either district.  Both courts are presumed to share equal familiarity with Title VII law, and neither party has advanced any showings concerning relative calendar congestion or local interest in deciding this controversy.

-7-

plaintiff resides, the operative facts surrounding Hunter's

employment discrimination and hostile work environment claims

took place, and records and most witnesses are located, the

Secretary's motion to transfer pursuant to § 1404(a) will be

granted.  Accordingly, it is hereby

ORDERED that the Secretary's motion [11] to dismiss or

transfer be, and hereby is, DENIED in part and GRANTED in part.

The motion to dismiss is denied, and the motion to transfer venue

to the District of Maryland is granted.

The Clerk of the Court is directed to transfer this case to

the United States District Court for the District of Maryland.

SIGNED this 20th day of August, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge